**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                          Case No.    11-20129

SALVATORE BATTALGLIA (D-33),

    Defendant.
                                            /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO RECONSIDER
PRETRIAL DETENTION IN LIGHT OF CHANGED CIRCUMSTANCES"**

Defendant Salvatore Battalgia is a former, and perhaps current, member of the Devils Diciples Motorcycle Club. He stands accused of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. A magistrate judge ordered him detained pending trial on July 16, 2012, and this court agreed at a hearing on August 8, 2012. Request for bond was denied both times. He moves to reconsider pretrial detention, and the Government responds. No additional hearing is needed.

Pre-trial detention protects the community from a dangerous defendant and assures the presence at trial of a defendant who might otherwise disappear. 18 U.S.C. § 3142(e)(1). A defendant may be detained if, in light of an array of factors, *id.* § 3142(g), either clear and convincing evidence shows he is dangerous or a preponderance of the evidence suggests he is inclined to flee, *id.* § 3142(f)(2)(B); *United States v. Hinton*, 113 F.App'x 76 (6th Cir. 2004). Here, however, there exists a presumption in favor of detention because a grand jury indicted Defendant for a drug

offense punishable by ten or more years in prison. 18 U.S.C. § 3142(e)(3)(A); *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010).

The third superceding indictment catalogues the Devils Diciples's alleged history of crime and mayhem, including murder, kidnaping, assault, intimidation, gunrunning, theft, robbery, perjury, destruction of evidence, other obstruction, and, above all else, extensive and sophisticated drug production, transportation, and distribution. (11-20129, Dkt. # 72 at 15-50.) Defendant's membership, even by itself, constitutes strong circumstantial evidence of dangerousness. (*See* Order, Dkt. # 543 at 2 & n.1.) Moreover, Congress has declared that a drug dealer is typically dangerous—"run-of-the-mill" drug dealers "routinely" remain detained until trial, *Stone*, 608 F.3d at 947. He poses a clear danger to the community.

Defendant argues that new information now exists to justify revisiting the propriety of continued detention.

> A detention hearing may be reopened if 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community.

*United States v. Watson,* 475 F. App'x 598, 600 (6th Cir. 2012) (citing 18 U.S.C. § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant argues that changed circumstances exist in his physical and emotional health, and that previous descriptions of his conduct in his divorce proceedings were exaggerated and unfair. The court disagrees. First, the court

2

previously considered Defendant's emotional and physical conditions. While they are unfortunate, they are not new conditions that decrease the likelihood of flight or danger to the community. As the Government points out, his medical issues do not prevent him from relying on the national network of members in his motorcycle club to aid his flight or further criminal activity. Further, the indicators of dangerousness in Defendant's case were particularly strong and, contrary to Defendant's contention, remain so.

Defendant argues that his conduct in his divorce proceedings was exaggerated to suggest dangerousness and offers the affidavit of Steven Simasko, Defendant's ex-wife's divorce attorney. This affidavit, however, hardly supports Defendant's contentions. Instead, Mr. Simasko simply states that he has no objection to the court considering Defendant's release, and that Defendant "regrets" and "has apologized" for his prior behavior toward his ex-wife and toward Mr. Simasko's office. That Defendant has now expressed regret, however, does not mean Mr. Simasko has recanted any of prior descriptions of Defendant's behavior. At the previous hearing, the court received significant evidence regarding the allegations of abuse perpetrated on Valentina Battaglia by Defendant and threats made by Defendant against Mrs. Battaglia, her family members, and her attorney. Such evidence included photographs, a personal order of protection secured against Defendant, evidence from Mr. Simasko's office regarding the statements he made to them, and evidence regarding the statements Defendant made to Mrs. Battaglia that, among other things, he was going to "fuck your sister," "have someone fuck you up," and that "you don't want any harm to come to your grand-daughter." (Gov't's Proffer, Dkt. # 115 at 7.) This evidence of substantial

3

propensity toward dangerousness remains untouched by any "new" evidence now offered by Defendant regarding his medical condition or his remorse.

The court finds by clear and convincing evidence that Defendant presents both a danger to the community and a risk of flight. Accordingly,

IT IS ORDERED that the motion to reconsider pretrial detention [Dkt. # 561] is DENIED.

     s/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: June 28, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2013, by electronic and/or ordinary mail.

     s/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522