**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES,

    Plaintiff,

v.                                                                                  Case No.        11-20129

SALVATORE BATTALGLIA (D-33),

    Defendant.
                                                                    /

**ORDER STRIKING "OMNIBUS MOTION"**

On August 24, 2013, Defendant Salvatore Battalgia, through counsel, filed an "Omnibus Motion," which he docketed as only a "Motion to Dismiss and Alternative Relief" but which actually contains far more: the motion purports to seek (1) pretrial release, (2) severance of trial, (3) dismissal of charges for violation of the Speedy Trial Act and for purported due process violations and (4) relief for alleged discovery violations.  The court will not ordinarily entertain self-entitled "omnibus" motions, as they tend to cloud the docket.[1]

If Defendant intends to pursue any of these issues, he will need to bring a separate motion—and brief, see *supra*—for each request for relief.  Defendant's

---

[1] The court finds no reference in the Rules of Criminal Procedure to "omnibus motions" but some rare, scattered mention of the phrase in 6th Circuit case law. The court did locate in the "Notes of Advisory Committee on Rules—1974 Amendment," a brief description of an "omnibus hearing" procedure that had been "originated by Judge James Carter in the Southern District of California" (citing 4 Defender Newsletter 44 (1967); Miller, *The Omnibus Hearing—An Experiment in Federal Criminal Discovery,* 5 San Diego L.Rev. 293 (1968)).  It seems to the court that collecting numerous criminal motions inside a late-1960s "omnibus" wrapper may function in this era more as a mechanism that avoids cogent briefing and confuses the docket rather than expedites case determination.  In any event it is contrary to the Local Rules as described below.

"omnibus" motion fails to comply in a number of ways with the local rules or the orders issued in this case, e.g., requiring counsel to seek concurrence pursuant to LR 7.1(a), and to provide hearing statements in motions (*See* Dkt. ## 518 & 613.) In addition, there is no brief in support of the "omnibus motion" or its sub-motion components, in violation of LR 7.1(d)(1) ("[A] motion must be accompanied by a single brief . . . .").

The court will therefore strike the "omnibus" document. Defendant may file appropriate, separate motions seeking whatever relief he may aver he requires, but must comply with the Local Rules, and the standing orders governing motions already entered by the court in this case. Accordingly,

IT IS ORDERED that the "Omnibus Motion," docketed as a "Motion to Dismiss and Alternative Relief" [Dkt. # 649] is STRICKEN from the docket of this court.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 28, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 28, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522