**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                      Case No.    11-20129

SALVATORE BATTALGLIA (D-33),

    Defendant.
                                           /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS**

Defendant Salvatore Battalgia is a former, and perhaps current, member of the Devils Diciples Motorcycle Club. He stands accused of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. A magistrate judge ordered him detained pending trial on July 16, 2012, and he has remained in custody since that time. Given the complexity of this case, which is brought against 41 defendants, trial has been delayed to allow adequate time for, among other things, all of the defendants to review the electronic discovery, litigation of multiple motions, and resolution of interlocutory appeals. Defendant moves to dismiss the charges against him due to the length of delay in being brought to trial. The government opposes the motion, and Defendant has been deemed to have waived a hearing on his motion. (*See* 10/01/13 Text Entry Order.) The court finds no violation of the Speedy Trial Act, and denies the motion.

Pursuant to 18 U.S.C. § 3161, Defendant is entitled to be brought to trial within seventy days from the indictment or when he first appeared in court, which occurred in

July 2012.  Further, under 18 U.S.C. § 3164, trial of a detained person must be brought within ninety days after the beginning of continuous detention. 18 U.S.C. § 3164(b).  The calculation of days, however, is not a strict calendar day calculation, because both provisions set forth reasons to exclude periods of delay in computing the time limitations.  See 18 U.S.C. § 3161(h).

In this case, the court has entered multiple orders of excludable delay and, additionally, several incidences of automatic delay have occurred, due to, for example, motions pending before the court and interlocutory appeals.  The government has set forth, in detail, the various periods of excludable delay which have occasioned in this case. (Gov't's Resp. At 5-13.)  These calculations are consistent with the court's calculations, which currently set Defendant's Speedy Trial clock to expire in June of 2014.  Indeed, due to numerous periods of excludable delay, Defendant's clock has not actually begun to run since his initial arrest.  And every time he, or a co-defendant, files a motion, the period continues to toll. Defendant does not specifically take issue with these calculations, except to claim that that "[t]he requests for excludable time related exclusively to the case against the primary defendants, not Defendant Battaglia." (Def.'s 9/25/13 Mot. at 4.)  The implications of this assertion, though, run contrary to the provisions of the Speedy Trial Act.

Indeed, 18 U.S.C. (h)(6) provides that where multiple defendants are charged together, one speedy trial clock applies.  "As such, the excludable delay of one defendant is ascribed to that of all of his co-defendants." United States v. Cope, 312 F.3d 757, 776-77 (6th Cir. 2002) (citing United States v. Culpepper, 898 F.2d 65, 66–67 (6th Cir. 1990)).  Moreover, the court entered an order on February 21, 1013, finding

2

that this case is "complex" under 18 U.S.C. § 3161(h)(7)(B)(ii), and also finding that the ends of justice in granting a continuance outweigh the best interest of the public and the defendants in a speedy trial. Subsequent orders have confirmed this finding, and have excluded time accordingly. (*See* Dkt. ## 596, 650.) Defendant's time period has not come anywhere close to expiring. As Defendant has identified no violation of his Speedy Trial Act rights,

    IT IS ORDERED that the motion to dismiss for speedy trial violations [Dkt. # 664] is DENIED.

                                s/Robert H. Cleland
                                ROBERT H. CLELAND
                                UNITED STATES DISTRICT JUDGE

Dated: December 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2013, by electronic and/or ordinary mail.

                                s/Lisa Wagner
                                Case Manager and Deputy Clerk
                                (313) 234-5522