**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                                 Case No.    11-20129

SALVATORE BATTALGLIA (D-33),

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER**

Before the court is Defendant Salvatore Battalgia's motion to sever. The government opposes the motion, and the court has deemed Defendant to have waived any hearing. (*See* 10/01/13 Text Entry Order.) The motion will be denied.

Defendant is a former, and perhaps current, member of the Devils Diciples Motorcycle Club. He stands accused of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. He is charged in Count Three of the Third Superseding Indictment with a violation under 21 U.S.C. § 841(a)(1). Defendant does not assert that the charges against him were improperly joined under Federal Rule of Criminal Procedure 8. Rather he contends that the court should sever the charges against him under Federal Rule of Criminal Procedure 14(a), which allows for severance when joinder of offenses or defendants for trial "appears to prejudice a defendant."

A motion to sever is left to the discretion of the trial court. *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). However, "[a]s a general rule, persons jointly

indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *Id.* (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir.1993)). The Sixth Circuit has instructed that "[s]everance should be granted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Defendant has not shown that any such risk exists here.

Defendant argues that he was a "peripheral conspirator," and that the charges against him are straightforward, as compared to the complex charges allegedly asserted against his co-defendants. The government, however, disagrees, and asserts that the evidence will show his participation stretched back, at least until July 2010, and continued through the date of the Indictment. (Gov't's Br. at 4-5.) Defendant also asserts that some of his (unspecified) co-defendants could offer evidence of his innocence. Not only does Defendant not offer details about this assertion, but it is possible this consideration may become moot as pre-trial proceedings progress. It is yet to be known who will or will not testify, who will or will not plead guilty, and who will or will not be in the same trial grouping, definitively, with Defendant.

Further, "[t]he fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. DeFranco*, 30 F.3d 664, 669–70 (6th Cir.1994). Defendant speaks in generalities but has not shown

that there is any serious risk of significant prejudice which overcomes the economy of a single trial. Accordingly,

    IT IS ORDERED that the motion to sever [Dkt. # 667] is DENIED.

                      s/Robert H. Cleland
                      ROBERT H. CLELAND
                      UNITED STATES DISTRICT JUDGE

Dated: December 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2013, by electronic and/or ordinary mail.

                      s/Lisa Wagner
                      Case Manager and Deputy Clerk
                      (313) 234-5522