**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                      Case No.    11-20129

SALVATORE BATTALGLIA (D-33),

    Defendant.

                                        /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF THE SIXTH AMENDMENT**

Defendant Salvatore Battalgia accused of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. If convicted, Defendant faces a minimum sentence of 10 years in prison. A magistrate judge ordered him detained pending trial on July 16, 2012, and he has remained in custody since that time. Given the complexity of this case, which is brought against 41 defendants, trial has been delayed to allow adequate time for, among other things, all of the defendants to review the electronic discovery, litigation of multiple motions, and resolution of interlocutory appeals. Defendant moves to dismiss the charges against him due to the length of delay in being brought to trial. The Government opposes the motion, and Defendant has been deemed to have waived a hearing on his motion. (*See* 10/01/13 Text Entry Order.) The court finds no violation of the Sixth Amendment.

When assessing whether the delay between indictment and trial has violated the defendant's constitutional rights, the Supreme Court has identified four factors to consider: "[l]ength of delay, the reason for the delay, the defendant's assertion of his

right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  No one factor is determinative, but instead, "they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533; *see also United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003).  Defendant argues that the charges against him are straightforward and simple, and that the lengthy delay in being brought to trial has violated his right to a "speedy and public trial," as guaranteed by the Sixth Amendment of the United States Constitution.  The Government counters that this court has closely monitored the progression of this case, that discovery is complex and review of the materials by all Defendants is ongoing, that motion practice and interlocutory appeals have slowed the progression of this case, and that--contrary to Defendant's assertion–the case against Defendant, who is alleged to be part of a complex conspiracy, are hardly simple.  The court agrees with the Government.

Balancing the *Barker* factors, the court first finds that the nearly eighteen-month delay since the Third Superseding Indictment is presumptively prejudicial.  Though the court does not find this delay uncommonly long given the complexity and issues of this case, the Sixth Circuit has held that delays exceeding one year are sufficient to trigger the remaining *Barker* factors.  *Schreane*, 331 F.3d at 553.  The second factor weighs in favor of the Government where, as here, the reasons for the delay are valid.  *See Takacs v. Engle*, 768 F.2d 122 (6th Cir. 1985).  The delays in this case are not attributable to any bad faith or negligence by the Government, but rather are the result of the legitimate electronic discovery issues, significant motion practice, numerous defendants, and complexity of this conspiracy matter.  The Government has, indeed,

attempted to streamline this case--through coordination with the court and defense counsel–by proposing certain methods to speed discovery and by working cooperatively with defense counsel. The court has appointed, at public expense, a discovery coordinator, has designated Liaison Counsel to minimize the confusion and backlog which naturally occurs with so many attorneys involved in a case, and has set regular status conference to address any issues counsel may be encountering and to attempt to keep this moving as rapidly as possible. At no stage in his process has the court seen any hint that the Government was stalling or in any way impeding the progress of this case. The second factor, then, weighs in favor of the Government.

The third *Barker* factor looks to Defendant's responsibility to assert his right to a speedy trial. If a defendant has not timely done so, this factor weighs against the finding of a constitutional violation. *Schreane*, 331 F.3d at 557. Here, Defendant has, at one point, agreed to a two-month delay, has filed multiple motions and an interlocutory appeal, has failed to timely retrieve his discovery materials (*see* Gov't's Mot. Ex.), and has otherwise failed to timely and formally object to the length of the delay in this case. This factor, too, weighs against a Sixth Amendment violation

Finally, the fourth factor, prejudice to the defendant, also weighs in favor of the Government. With respect to this factor, the Supreme Court has held that "[p]rejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. Such interests include "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. And, "[o]f these, the most serious is the last, because the inability of a defendant

adequately to prepare his case skews the fairness of the entire system." *Id.* Defendant does not articulate any specific way in which his defense his been impaired. In the Sixth Circuit, "[w]hen the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Young*, 657 F.3d 408, 418 (6th Cir. 2011) (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir.2000)). Particularly where, as here, the court has closely monitored the progression of this case, there is near-universal agreement among the defendants that delay is warranted in order to appropriately consider the voluminous electronic discovery, and there is no evidence that the Government has unreasonably prolonged matters, Defendant's failure to articulate any specified prejudice weighs this final factor, and the entirety of the *Barker* test, against the finding of a constitutional violation. Accordingly,

      IT IS ORDERED that the motion to dismiss for speedy trial violations [Dkt. # 665] is DENIED.

                                         s/Robert H. Cleland  
                                         ROBERT H. CLELAND  
                                         UNITED STATES DISTRICT JUDGE

Dated: December 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2013, by electronic and/or ordinary mail.

                                         s/Lisa Wagner  
                                         Case Manager and Deputy Clerk  
                                         (313) 234-5522