**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                                                                  Case No.   11-20129

SALVATORE BATTALGLIA (D-33),

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE FIFTH AMENDMENT**

Defendant Salvatore Battalgia accused of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. If convicted, Defendant faces a minimum sentence of 10 years in prison. A magistrate judge ordered him detained pending trial on July 16, 2012, and he has remained in custody since that time. Given the complexity of this case, which is brought against 41 defendants, trial has been delayed to allow adequate time for, among other things, all of the defendants to review the electronic discovery, litigation of multiple motions, and resolution of interlocutory appeals. Defendant moves to dismiss the charges against him due to an alleged violation of the due process clause of the United States Constitution's Fifth Amendment. The Government opposes the motion, and Defendant has been deemed to have waived a hearing on his motion. (*See* 10/01/13 Text Entry Order.) The court finds no violation of the Fifth Amendment and will deny the motion.

Defendant argues that he is charged in this case as an "alleged peripheral conspirator," letting a codefendant "manufacture methamphetame one time in the last

[seven] years on rural property [Defendant] no longer owns." (Def.'s Mot. at 3.) He complains that his pretrial detention is being used as a form of punishment, in violation of his Fifth Amendment due process rights, and "notes a disturbing trend in this case: pretrial release is being afforded only to Defendants who waive their 5th Amendment rights and cooperate with the government." (*Id.* at 3-4.) In a response filed under seal, the Government disputes these factual contentions, providing an outline of the evidence against Defendant and also questioning the basis for Defendant's unsupported allegation regarding alleged cooperating defendants.[*]

Pretrial detention violates the Fifth Amendment when it amounts to "punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Sixth Circuit has identified four factors to be considered in determining if the pretrial detention is unconstitutionally excessive: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based. *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012) (citing *United States v. El–Hage*, 213 F.3d 74, 79 (2nd Cir. 2000)). Here the length of the pretrial detention (about a year and a half) does not outweigh the other three factors, all of which weigh against a finding of a constitutional violation.

Having reviewed an outline of the case against Defendant, the court does not agree with his allegations that the case against him is "tenuous or marginal," (Def.'s Mot. at 4), but instead the court finds that the gravity of the charges is quite significant.

---

[*]Indeed, Defendant provides no evidence, nor does he even articulate examples, of this rather serious allegation.

Moreover, as found in previous orders of the court, the evidence upon which Defendant's continued detention rests--including particularly persuasive evidence of dangerousness--is quite strong. Finally, it is not true, as Defendant intimates, that the Government bears the responsibility for the delay in this case. The court has already found in other orders entered contemporaneously to this one that the progression of this case has been closely monitored and has attributed to the complexity of the charges, the numerosity defendants, and the voluminousness of the electronic discovery.

Defendant's motion is baseless. There is no Fifth Amendment violation, at this point, in Defendant's continued detention. Accordingly,

IT IS ORDERED that the motion to dismiss for an alleged violation of the Fifth Amendment [Dkt. # 666] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522